Argued and submitted June 15, affirmed July 27, 1981

## STATE OF OREGON,
*Respondent,*

*v.*

## JAY WREX PLUMMER,
*Appellant.*

(No. 80-4921-C, CA 19928)

631 P2d 819

Lee S. Werdell, Medford, argued the cause and filed the brief for appellant.

Rudolph S. Westerband, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals from the judgment on his conviction for Failure to Perform the Duties of a Driver Involved in a Traffic Accident (hit and run). In this case the accident resulted in damage to a vehicle being driven by another person. Such behavior constitutes a Class A traffic infraction. ORS 483.602.[1] Because of a prior conviction for Driving While Under the Influence of Intoxicants, the trial court entered a judgment of conviction for a misdemeanor and sentenced the defendant to 10 days in jail. On appeal, defendant claims that his convictiom was for a violation only and that the court did not have the authority to impose a jail term. We disagree.

---

[1] ORS 484.602 provides:

"(1) The driver of any vehicle involved in an accident which results in injury or death to any person or causes damage to a vehicle which is driven or attended by any person, immediately shall stop such vehicle at the scene of the accident, or as close thereto as possible, and shall remain at the scene of the accident until he has fulfilled the requirements of subsection (2) of this section. Every such stop shall be made without obstructing traffic more than is necessary.

"(2) The drivers of any vehicles involved in any accident resulting in injury or death to any person or damage to any such vehicles shall:

"(a) Give to the other driver or surviving passenger, or any person not a passenger injured as a result of such accident, his name, address and the registration number of the vehicle which he is driving, and the name and address of any other occupants of such vehicle.

"(b) Upon request and if available, exhibit and give the number of his operator's or chauffeur's license to the persons injured, or to the occupant of or person attending any vehicle damaged.

"(c) Render to any person injured in such accident reasonable assistance, including the conveying or the making of arrangements for the conveying of such person to a physician, surgeon or hospital for medical or surgical treatment, if it is apparent that such treatment is necessary or if such conveying is requested by any injured person.

"(3) Any witness to the accident shall furnish to the driver or occupant of such vehicles, or injured person, his true name and address.

"(4) (a) A driver involved in an accident which results in injury or death to any other person and who fails to perform the duties required under subsection (1) of this section commits a Class C felony.

"(b) A driver involved in an accident which results only in damage to a vehicle which is driven or attended by any other person and who fails to perform the duties required under subsection (1) of this section commits a Class A traffic infraction.

"(c) A witness to an accident who fails to perform the duties required under subsection (3) of this section commits a Class B traffic infraction."

Defendant contends that his conviction was for a traffic violation and not a crime because the statute in question does not contain a culpable mental state, a mental state was not alleged in the complaint and the jury was not instructed that it had to find that the defendant acted intentionally, knowingly, recklessly or negligently in order to find him guilty. Defendant's position is that "where the state does not allege or prove a culpable mental state under the provisions of ORS 161.105(3), the offense can be no more than a violation." The state argues that, because the defendant did not object to the jury instructions which were given, he waived any objection he might have had. We think the answer is simpler than the state suggests.

Failure to leave one's name and address at the scene of an accident is a Class A traffic infraction. Traffic infractions are punishable by fines only. ORS 484.360. By definition, an offense punishable only by a fine is a violation and not a crime. *See* ORS 161.565, ORS 161.515.[2] However, where the defendant has been convicted of a Class A traffic infraction within the five year period immediately preceding the commission of the present offense, the present infraction becomes punishable as a misdemeanor. ORS 484.365.[3] In this case, defendant stipulated to

---

[2] ORS 161.565 provides:

"An offense is a violation if it is so designated in the statute defining the offense or if the offense is punishable only by a fine, forfeiture, fine and forfeiture or other civil penalty. Conviction of a violation does not give rise to any disability or legal disadvantage based on conviction of a crime."

ORS 161.515 provides:

"(1) A crime is an offense for which a sentence of imprisonment is authorized.

"(2) A crime is either a felony or a misdemeanor."

[3] ORS 484.365 provides, in pertinent part:

"(1) Any Class A traffic infraction, as defined in subsection (3) of this section, shall be prosecuted and be punishable as a Class A misdemeanor if the defendant has been convicted of a Class A traffic infraction, as defined in subsection (3) of this section, or traffic crime within a five-year period immediately proceding the commission of the offense, and the previous conviction was not part of the same transaction as the present offense.

"* * * * *

"(3) As used in this section 'Class A traffic infraction' means:

"(a) Driving while under the influence of intoxicants.

the fact that he had previously been convicted of a Class A traffic infraction, *viz.,* driving while under the influence of intoxicants, within the last five years. Therefore, his present offense was punishable as a misdemeanor, and the trial court had the authority to impose a jail sentence.

ORS 161.105 provides that:

"(1)   Notwithstanding ORS 161.095, a culpable mental state is not required if:

·   "(a)   The offense constitutes a violation, unless a culpable mental state is expressly included in the definition of the offense; or

"(b)   An offense defined by a statute outside the Oregon Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof.

"(2)   Notwithstanding any other existing law, and unless a statute enacted after January 1, 1972, otherwise provides, an offense defined by a statute outside the Oregon Criminal Code that requires no culpable mental state constitutes a violation.

"(3)   Although an offense defined by a statute outside the Oregon Criminal Code requires no culpable mental state with respect to one or more of its material elements, the culpable commission of the offense may be alleged and proved, in which case criminal negligence constitutes sufficient culpability, and the classification of the offense and the authorized sentence shall be determined by ORS 161.505 to 161.605 and 161.615 to 161.655.

The state acknowledges that a culpable mental state is required before a person can be convicted of the offense charged here. However, we need not decide this case on that point. Defendant does not challenge his conviction for the commission of the offense itself, nor does he claim that he cannot be convicted of the underlying violation unless the existence of a mental state is alleged and proven—to the contrary, he admits he can be. Defendant only challenges the validity of his conviction for a *misdemeanor,* and that is the only issue we decide. ORS 484.365,

---

"(b)  Failure to perform the duties of a driver involved in an accident or collision which results only in damage to property or another.

"* * * * *."

the statute which raises the present offense to a misdemeanor, is a legislative exception to the requirements of ORS 161.105. A traffic infraction does not become punishable as a misdemeanor under ORS 484.365 because of the existence of a culpable mental state, but because the defendant was convicted of a DUII within the last five years.

Affirmed.